UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN SMITH,

        Plaintiff,

                              CASE NO. 2:12-cv-12160

v.

                              HON. MARIANNE O. BATTANI

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Sean Smith's Objections to the Magistrate Judge's Report and Recommendation. (Doc. 18). In October 2004, Smith was determined disabled under the Social Security Act as a 15 year old. Upon his eighteenth birthday, Defendant Commissioner of Social Security redetermined that Smith was no longer disabled under the adult disability standards. After a hearing was held on the matter, an administrative law judge ("ALJ") also found Smith not disabled. The Social Security Appeals Council declined to review Smith's appeal and this action followed. The matter was referred to Magistrate Judge Laurie Michelson who issued a Report and Recommendation ("R&R") after the parties filed cross-motions for summary judgment. For the reasons stated below, the Court **ADOPTS** the Magistrate Judge's R&R, **DENIES** Plaintiff's Motion for Summary Judgment, **GRANTS** Defendant's Motion for Summary Judgment, and **AFFIRMS** the decision that Smith is not disabled under the Social Security Act.

**I.	STATEMENT OF FACTS**

As the parties have not objected to the Magistrate Judge's recitation of the procedural history and administrative record, the Court adopts that portion of the R&R as if fully set forth herein. See (Doc. 17 at 2-13).

**II.	STANDARD OF REVIEW**

**A.	Objections to Magistrate Judge's Report and Recommendation**

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

**B.	Commissioner's Disability Determination**

Judicial review of the Commissioner's disability decision is limited to determining whether the findings are supported by substantial evidence and whether the Commissioner employed proper legal standards in reaching his conclusion. Brainard v. Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v.

2

Sec'y of HHS, 987 F.2d 1230, 1233 (6th Cir. 1993); Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009).

When determining whether substantial evidence supports the Commissioner's decision, the reviewing court must take into consideration the entire record, including "whatever in the record fairly detracts from its weight." Id. When the Appeals Council declines to review the Administrative Law Judge's ("ALJ") decision, the court's review is limited to the record and evidence before the ALJ. Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993). The court may look at any evidence in the administrative record, even if it has not been cited by the ALJ. Walker v. Sec'y of HHS, 884 F.2d 241, 245 (6th Cir. 1989). There is no requirement, however, that the reviewing court discuss every piece of evidence in the record. Kornecky v. Comm'r of Soc. Sec., 167 F.App'x. 496, 508 (6th Cir. 2006). Moreover, the court may not conduct a de novo review of the evidence, determine credibility, or weigh the evidence. Brainard, 889 F.2d at 681. The court's role is limited to a search for substantial evidence, that which is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007).

**III. ANALYSIS**

Smith sets forth two objections to the Magistrate Judge's Report and Recommendation. First, Smith asserts that the Magistrate Judge incorrectly determined that the ALJ's failure to consider post-hearing evidence resulted in harmless error. Second, Smith argues that the Magistrate Judge erred in determining that this Court

3

lacks jurisdiction to review the Appeals Council's failure to consider the brief he submitted during his appeal. Both objections lack merit.

### A.     Post-Hearing Evidence

After the administrative hearing in this matter, Smith requested leave to submit additional evidence for review by the ALJ before the decision issued. The ALJ agreed and Smith timely submitted his materials. However, the ALJ failed to consider the evidence in his decision that Smith was not disabled under the Social Security Regulations. The evidence submitted included an October 2009 "Clinical Assessment" in which Smith stated that he "comes to counseling because he wants to get back on [medications] [and] he is attempting to secure [supplemental security income]." (A.R. 329). The report also indicated that he sees "angles/demons/dragons" and diagnosed him with "bipolar I disorder, most recent episode manic, with psychotic features." (A.R. 331). In addition, Smith submitted six Professional Counseling Center ("PCC") therapy notes detailing his anger and frustration. (A.R. 320-26). The PCC counselor provided the same diagnosis as the October 2009 assessment: bipolar I, most recent episode manic, with psychotic features. (A.R. 320). Last, Smith submitted an April 2010 note from Dr. Jun Garcia, Smith's long-time primary-care physician. (A.R. 319). It stated, "[Smith] is under my care for bipolar and ADHD. He also receives prescriptions from me for the treatment of bipolar and ADHD." (Id.)

Upon review, the Magistrate Judge determined that the ALJ should have reviewed the evidence, but the failure to do so constituted harmless error because the evidence was of little probative value. The Magistrate Judge also found that the 2009 Clinical Assessment was not performed by an "acceptable medical source" pursuant to

4

20 C.F.R. § 416.913(a), and that the six PCC therapy notes were based largely on Smith's self-reporting. Last, the Magistrate Judge found that the 2010 note from Dr. Garcia failed to address Smith's functionality and did not describe the severity of the symptoms.

Smith asserts the Magistrate Judge improperly reviewed the evidence submitted, essentially performing the ALJ's function. He also contends that the medical opinions are nonetheless entitled to some weight and that credibility determinations regarding Smith's symptoms should be left to the ALJ.

Generally, remand is not required on appeal of an administrative decision unless the error was harmful to the claimant. See Rabbers v. Comm'r of Soc. Sec., 582 F.3d 647, 654 (6th Cir. 2009) ("Generally . . . we review decisions of administrative agencies for harmless error.") (internal citations omitted)). In other words, the claimant must be "'prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses.'" Id. (quoting Connor v. United States Civil Serv. Comm'n, 721 F.2d 1054, 1056 (6th Cir. 1983)).

Here, the Magistrate Judge correctly determined that the ALJ's failure to consider the post-hearing evidence resulted in no prejudice to Smith. Most importantly, the Magistrate Judge determined that the evidence in the record strongly supported a finding that Smith is not disabled. The record is replete with evidence that Smith can perform light to moderately unskilled work although Smith would be unable to "deal with the general public" and was "severely limited but not precluded in dealing with coworkers." (A.R. 357). Dr. Michelle Rousseau noted that Smith was not troubled by his thoughts and that his "[c]oncentration difficulties appeared mild, and did not appear

5

to substantially impair his functioning." (A.R. 225). In addition, Dr. Kokila Sheth found that Smith could perform "simple unskilled work on [a] sustained basis" and that he suffered from moderate limitations in concentration, persistence, or pace. (A.R. 241). As such, the Magistrate Judge correctly determined that the decision of the Commissioner was supported by substantial evidence.

The post-hearing evidence does not undermine this conclusion. Even if it was considered by the ALJ, the October 2009 "Clinical Assessment" would not have been entitled to more weight than the opinions of Dr. Rousseau and Dr. Sheth because it was performed by a limited-licensed professional counselor. (A.R. 332). This is not an "acceptable medical source" under the Social Security Regulations. See 20 C.F.R. § 416.913(a). Likewise, the counselor possessed no "special knowledge" of Smith's condition, nor does Smith argue this point. See S.S.R. 06-03p, 2006 WL 2329939 at *5 (noting that non-acceptable medical opinions "may be based on special knowledge of the individual and may provide insight into the severity of the impairment(s)" but "cannot establish the existence of a medically determinable impairment").

The same can be said for the six PCC therapy notes, which merely discuss Smith's conversations with the therapist. Coupled with the fact that the reports mostly detail Smith's self-reporting of symptoms, the evidence is of little probative value. Last, the April 2010 note from Dr. Garcia provides even less information about Smith's ability to function mentally. It consists of two sentences noting that Smith receives treatment and prescription medications for bipolar disoder and ADHD. (A.R. 319). It makes no comment on functionality or details any specific symptoms from which Smith suffers. Consequently, the Magistrate Judge correctly concluded that the ALJ's decision was

supported by substantial evidence regardless of the consideration of the post-hearing evidence. The Courts finds that the ALJ's failure to consider the post-hearing evidence is harmless error and inconsequential.

### B. Review of Appeals Council Procedure

Smith's last claim of error is that the Appeals Council granted him an extension to file a brief, but failed to consider it. Although it is not clear from the record, the Magistrate Judge accepted Smith's argument that the Appeals Council did not consider the brief in its decision.

20 C.F.R. § 416.1475 provides that "Upon request, the Appeals Council shall give you and all parties a reasonable opportunity to file briefs or other written statements about the facts and law relevant to the case." 20 C.F.R. § 416.1475. The Magistrate Judge concluded that this provision "suggests that the Appeals Council should have considered [the brief]." (Doc. 17 at 21). However, the Magistrate Judge ultimately determined that this Court lacks authority to grant relief.

Sentence four of 42 U.S.C. § 405(g) grants federal district courts the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Where, as here, the Appeals Council denies review (A.R. 12), the ALJ's decision serves as the final decision of the Commissioner. Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993). Thus, it appears this Court lacks the authority to review the Appeals Council's decision to deny review of the ALJ's decision as the Appeals Council's denial is not the final decision of the Commissioner.

In support of his position, Smith cites Browning v. Sullivan, 958 F.2d 817 (8th Cir. 1992).  In Browning, the Eighth Circuit held that when the Appeals Council accepts additional material from the claimant but denies review after the administrative hearing, the district court "may only review the ALJ's final decision, not the Appeals Council's non-final administrative decision to deny review."  Id. at 822.  The court further clarified its reasoning: "Jurisdiction to review whether the Appeals Council has complied with the procedural requirements of the regulations does not imply jurisdiction to review the Appeals Council's non-final, substantive decision to deny review."  Id. at 822-23.  In the event the Appeals Council denies review, the "relevant issue becomes whether the new evidence [the claimant] submitted to the Appeals Council changes our conclusion that there is substantial evidence to support the ALJ's decision.  Id. at 823.

In the instant case, Smith did not submit new evidence, but rather a brief containing several arguments to reverse the decision of the ALJ.  Smith does not argue that this constitutes "new evidence" in accordance with 20 C.F.R. § 404.970(b).  In addition, the Magistrate Judge concluded that Smith's counsel submitted a letter in 2010 detailing the primary argument outlined in the brief.  This letter was considered by the Appeals Council in its decision to deny review.  Moreover, counsel possessed the ALJ's decision prior to writing the letter and could have set forth all of the arguments in that letter or filed the brief at that time.  Rather, counsel waited almost eighteen months to file a brief containing essentially the same arguments.  Accordingly, this Court lacks authority to review the Appeals Council's decision to deny review as it is not the final decision of the Commissioner.  In addition, notwithstanding the failure of the Appeals

Council to consider Smith's brief, the decision of the Commissioner is supported by substantial evidence.

## IV.  CONCLUSION

Accordingly, the Court **ADOPTS** the Magistrate Judge's R&R, **DENIES** Plaintiff's Motion for Summary Judgment, **GRANTS** Defendant's Motion for Summary Judgment, and **AFFIRMS** the decision that Smith is not disabled under the Social Security Act.

**IT IS SO ORDERED.**

                                                  s/Marianne O. Battani  
                                                  MARIANNE O. BATTANI  
                                                  UNITED STATES DISTRICT JUDGE

DATE:  September 18, 2013

### CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Opinion and Order was served upon all parties of record via the Court's ECF Filing System.

                                                s/Bernadette M. Thebolt  
                                                Case Manager